IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02225-BNB

BILLY RAY WADDLES,
    Applicant,

v.

WARDEN STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2009

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Applicant Billy Ray Waddles is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Waddles has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Denver District Court case number 98CR805.

On September 18, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 13, 2009, Respondents filed their Pre-Answer Response. Although Mr. Waddles was given an opportunity to file a reply to the Pre-Answer Response, he has not done so.

The Court must construe the application liberally because Mr. Waddles is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Waddles was convicted by a jury of felony murder, manslaughter, and first degree burglary. The trial court merged the manslaughter conviction into the felony murder conviction and imposed a sentence of life in prison without parole on the felony murder conviction. Mr. Waddles also was sentenced to a concurrent term of twenty-four years in prison on the burglary conviction. On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction for felony murder, but vacated the judgment of conviction for manslaughter as well as the judgment of conviction and sentence for burglary because those convictions merged into the felony murder conviction. *See People v. Waddles*, No. 98CA2526 (Colo. Ct. App. July 20, 2000) (unpublished). On December 26, 2000, the Colorado Supreme Court denied Mr. Waddles' petition for writ of certiorari on direct appeal.

On December 10, 2001, Mr. Waddles' first postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure was filed in the trial court. The trial court ultimately denied the first Rule 35(c) motion and that ruling was affirmed on appeal. *See People v. Waddles*, No. 06CA1169 (Colo. Ct. App. Nov. 15, 2007) (unpublished). On March 10, 2008, the Colorado Supreme Court denied Mr. Waddles' petition for writ of certiorari in connection with his first Rule 35(c) motion.

Mr. Waddles' second postconviction Rule 35(c) motion was filed in the trial court on July 3, 2008, and was denied as successive. The denial of Mr. Waddles' second

2

Rule 35(c) motion also was affirmed on appeal. *See People v. Waddles*, No. 08CA1488 (Colo. Ct. App. Mar. 26, 2009) (unpublished). On August 3, 2009, the Colorado Supreme Court denied Mr. Waddles' petition for writ of certiorari in connection with the second Rule 35(c) motion.

The Court received the instant action for filing on September 16, 2009. Mr. Waddles asserts five claims for relief, some of which have multiple sub-parts. Those claims are the following:

1. The conviction for first degree burglary is invalid for four reasons:

    a. The prosecution failed to prove the element of unlawful entry.

    b. The prosecution improperly introduced evidence of Applicant's gang affiliation.

    c. The elements instruction created a legal impossibility.

    d. First degree burglary should not be a predicate for felony murder when the underlying crime for burglary is assault and the intended assault victim is the murder victim.

2. The trial court erred in allowing the jury to review a videotape of Applicant's confession during deliberations without procedural protections.

3. The manslaughter conviction is invalid for two reasons:

    a. The jury's verdict was based on insufficient evidence.

    b. The self-defense instruction was invalid.

4. Applicant's convictions must be reversed for two reasons:

    a. The prosecution improperly bolstered the testimony of its witnesses.

  b. Applicant unconstitutionally was deprived of the opportunity to submit polygraph evidence to impeach the testimony of a prosecution witness.

 5. The state courts erred in denying Applicant's postconviction motions in three ways:

  a. The state courts denied Applicant's postconviction motions without any hearings.

  b. The state courts affirmed the denial of Applicant's postconviction motions in the absence of sufficient findings of fact and conclusions of law.

  c. The judge who denied the first Rule 35(c) motion was not the trial judge.

The Court notes initially that Mr. Waddles' entire third claim relates only to state court postconviction proceedings and not to the validity of his conviction or sentence. As a result, the third claim must be dismissed because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, the third claim will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

4

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Waddles' conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269,

1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Waddles had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on December 26, 2000, but he did not do so. Therefore, the Court finds that Mr. Waddles' conviction became final on March 26, 2001, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on March 26, 2001, because Mr. Waddles does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether either of Mr. Waddles' state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have

>been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. See **Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." **Gibson**, 232 F.3d at 804.

Respondents concede, and the Court agrees, that the one-year limitation period was tolled pursuant to § 2244(d)(2) from December 10, 2001, when Mr. Waddles filed the first Rule 35(c) motion, through March 10, 2008, when the Colorado Supreme Court denied his petition for writ of certiorari in connection with the first Rule 35(c) motion. However, the 258 days between March 26, 2001, when the one-year limitation period began to run, and December 10, 2001, when the first Rule 35(c) motion was filed, count against the one-year limitation period. As a result, only 107 days of the one-year limitation period remained after the state court proceedings relevant to Mr. Waddles' first Rule 35(c) motion concluded.

Respondents contend that the second Rule 35(c) motion did not toll the one-year limitation period because that motion was filed after the one-year limitation period

expired. The Court agrees. Once the one-year limitation period began to run again on March 10, 2008, the remaining 107 days ran uninterrupted until the one-year limitation period expired on June 25, 2008. Because the one-year limitation period expired before Mr. Waddles filed his second Rule 35(c) motion on July 3, 2008, the second Rule 35(c) motion did not toll the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Mr. Waddles asserts in the application that he actually filed the second Rule 35(c) motion on June 30, 2008. However, that date still falls after the one-year limitation period expired on June 25, 2008.

Alternatively, Mr. Waddles also argues that the state court proceedings relevant to his first Rule 35(c) motion were pending until March 25, 2008, when the Colorado Court of Appeals issued its mandate. As discussed above, only 107 days of the one-year limitation period remained when the state court proceedings relevant to the first Rule 35(c) motion concluded. If the Court assumes the 107 days did not begin again until the mandate issued on March 25, 2008, and that Mr. Waddles actually filed his second Rule 35(c) motion on June 30, 2008, only 96 additional days ran before the second Rule 35(c) motion was filed and Mr. Waddles still had eleven days of the one-year limitation period left (258 + 96 = 354). In this scenario, Mr. Waddles argues that the second Rule 35(c) motion also tolled the one-year limitation period until the state court proceedings relevant to the second Rule 35(c) motion concluded on August 27, 2009, when the Colorado Court of Appeals issued its mandate in connection with the second Rule 35(c) motion. However, the remaining eleven days would have begun to

run again on August 28, 2009, and the one-year limitation period would have expired on September 8, 2009, which still is prior to September 16, 2009, the date on which the instant action was filed. Therefore, even using the dates argued by Mr. Waddles, the Court still finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Waddles fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Waddles fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court will not address Respondents' alternative arguments that some of Mr. Waddles' claims are unexhausted and procedurally barred. Accordingly, it is

ORDERED that the third claim for relief is dismissed for failure to raise a federal constitutional claim. It is

FURTHER ORDERED that the remaining claims are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __16__ day of ___December___, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02225-BNB

Billy Ray Waddles
Prisoner No. 99081
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/17/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk