IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -3 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02225-ZLW

BILLY RAY WADDLES,

Applicant,

v.

WARDEN STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant has filed *pro se* on July 28, 2010, a "Motion for Relief From Judgment Pursuant to F.R.C.P. Rule 60(b)(1)." Applicant asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on December 17, 2009. The Court must construe the motion liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered, *see* Fed. R. Civ. P. 59(e), Applicant's

motion to reconsider properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court specifically determined that the one-year limitation period began to run on March 26, 2001, when Applicant's conviction became final, and that the one-year limitation period expired on June 25, 2008, before Applicant filed his second state court postconviction motion. The Court also determined that, even assuming the one-year limitation period was tolled while Applicant's second state court postconviction motion was pending, the one-year limitation period expired on September 8, 2009, which still was before the instant action was filed on September 16, 2009.

Applicant alleges in his motion to reconsider that the Court erred in its application of the one-year limitation period. According to Applicant, his conviction was not final, and the one-year limitation period did not begin to run, until April 2, 2001, which is seven days after the date on which the Court determined his conviction was final and the one-year limitation period began to run. Applicant also argues that the instant action actually was filed on September 11, 2009, in accordance with the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Under Applicant's calculation of the one-year limitation period, the instant action was filed with three days to spare

2

because the one-year limitation period would not have expired until September 14, 2009.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion must be denied because Applicant miscalculates the date on which his conviction became final and the one-year limitation period began to run. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Applicant concedes that the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on December 26, 2000, and that he did not seek further review in the United States Supreme Court. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, a petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days after entry of the judgment.

Applicant's mistake in concluding that his conviction became final on April 2, 2001 lies in the fact that he uses January 2, 2001 as the starting point for the ninety-day period in which to file a petition for writ of certiorari in the United States Supreme Court. Applicant uses January 2, 2001 as the starting point because that is the date on which the Colorado Court of Appeals issued its mandate in Applicant's direct appeal. However, pursuant to Rule 13.2 of the Rules of the Supreme Court of the United States, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Therefore, the ninety-day period for seeking review in the United States

Supreme Court began to run on December 26, 2001, when the Colorado Supreme Court denied Applicant's petition for writ of certiorari on direct appeal, and expired on March 26, 2001.

As noted above, Applicant contends that he filed the instant action with three days to spare. However, he miscalculated the date on which the one-year limitation period began to run by seven days. Therefore, the motion to reconsider will be denied because it is clear that the instant action is untimely. Accordingly, it is

ORDERED that Applicant's "Motion for Relief From Judgment Pursuant to F.R.C.P. Rule 60(b)(1)" filed on July 28, 2010, is denied.

DATED at Denver, Colorado, this  3rd  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02225-ZLW

Billy Ray Waddles
Prisoner No. 99081
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/3/10

GREGORY C. LANGHAM, CLERK

By_____
      Deputy Clerk